1  Anna Y. Park, CA SBN 164242
2  Michael Farrell, CA SBN 266553
   Connie K. Liem, TX SBN 791113
3  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
4  255 East Temple Street, Fourth Floor
5  Los Angeles, CA 90012
6  Telephone: (213) 894-1083
   Facsimile: (213) 894-1301
7  E-Mail: lado.legal@eeoc.gov

8  Attorney for Plaintiff
   U.S. EQUAL EMPLOYMENT
9  OPPORTUNITY COMMISSION

10

**FILED**

SEP 1 5 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

11              **UNITED STATES DISTRICT COURT**

12              **SOUTHERN DISTRICT OF CALIFORNIA**

13

14  U.S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION,          **COMPLAINT-CIVIL RIGHTS;**
15                                   **EMPLOYMENT**
16          Plaintiff,               **DISCRIMINATION**
                                     (42 U.S.C. §§ 2000e, et seq.
17      vs.                          and 12117)
18                                   **'10 CV 1 92 1 DMS     BGS**
19  TARSADIA HOTELS dba
    COMFORT SUITES, AND DOES 1-      **JURY TRIAL DEMAND**
20  10, INCLUSIVE,
21
            Defendant(s).
22

23              **NATURE OF THE ACTION**

24

25      This is an action under Title I of American with Disabilities Act of 1990

26  ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful

27
    employment practices on the basis of disability and to provide appropriate relief to
28

Linus Markle, the Charging Party, who was adversely affected by such practices. As alleged with greater particularity in Paragraphs 13 – 27 below, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Tarsadia Hotels dba Comfort Suites, and DOES 1-10 ("Defendants") denied Linus Markle ("Markle") a reasonable accommodation and subjected him to adverse employment actions on the basis of his disability (autism) in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112. More specifically, Defendants discriminated against Markle by denying him the presence of his job coach at the job site as a reasonable accommodation, and subjecting him to discipline and discharge because of his disability.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California.

## PARTIES

3.     Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, Defendants have continuously been California corporations doing business in San Diego County, State of California, and have continuously had at least 15 employees.  The Commission is under the informed belief that Defendants operate as a single employer with centralized control of its operations.  Defendants' corporate headquarters is located at 620 Newport Center Dr., 14th Fl. Newport Beach, CA 92660.

5.     At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of § 101(5) of the ADA, 42 U.S.C. § 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendants have been covered entities under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.     All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, employee, alter ego, indirect employer, joint employer or under the direction and control of the others, except as specifically alleged otherwise.  Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein.  Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

8.     Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names.  Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known.  Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## CONDITIONS PRECEDENT

9.     More than thirty (30) days prior to the institution of this lawsuit,

Linus Markle filed a charge of discrimination with the Commission alleging that Defendants violated Title I of the ADA.

10.   Prior to the institution of this lawsuit, the Commission issued a Letter of Determination to Defendants finding reasonable cause to believe that Markle was discriminated against because of disability.

11.   Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effectuate Defendants' voluntary compliance with Title I of the ADA through informal methods of conciliation, conference, and persuasion.

12.   Prior to the institution of this lawsuit, all conditions precedent were satisfied.

## STATEMENT OF CLAIMS

13.   Linus Markle is disabled within the meaning of the ADA due to having an actual impairment and record of such impairment, autism. Since childbirth, Markle has suffered from an "autistic disorder," a developmental disability.  As a young adult, Markle was again diagnosed with an "autistic disorder," and a "history and sustained impairments in his level of communicative skills and social functioning." Due to autism, Markle has been substantially limited in several major life activities, including learning and interacting with others.

14.   During May 2008, Defendants hired Markle as a Front Desk Clerk at one of Defendants' facilities, the Comfort Suites at Mission Valley in San Diego, CA. Soon thereafter, Markle started having some difficulty finishing multiple tasks and interacting with his direct supervisor. Markle was subjected to comments from Defendants' supervisor such as "Why aren't you like my other desk clerks," "You can't do the job," and "You're a slow learner."

15.   Sometime in mid July 2008 Defendants' supervisor confronted Markle with concerns regarding his job performance. During this confrontation, Markle informed Defendants' supervisor that he suffered from a disability and that he was "autistic." The supervisor reacted like she did not care about Markle's disability and started acting rude and cold towards him at work.

16.   On or about July 20, 2008, Defendants' General Manager confronted Markle about his disability and inquired why he failed to disclose that he had autism in his employment application. Markle responded that he believed he was qualified for the Front Desk position and did not anticipate needing a reasonable accommodation when he applied. Markle then complained to Defendants' General Manager about how his direct supervisor was mistreating him.

17.   Sometime during late July 2008, Markle applied and became eligible for state-funded job coaching assistance through the California Department of Rehabilitation.

18. On or about August 26, 2008, Markle's job coach introduced herself to Defendants and explained her role as a job coach. The job coach then requested reasonable accommodation on behalf of Markle. More specifically, the job coach requested that she be allowed to observe Markle's job performance at Comfort Suites in order to provide Markle with job coaching. The job coach further notified Defendants' supervisor that she intended to visit Markle at the workplace on August 28, 2008 to observe Markle's job performance, and emphasized that she would not be interfering with Defendants' business operations.

19. On the morning of August 28, 2008, the job coach arrived at Comfort Suites to observe Markle's work performance. Approximately 30 minutes later, Defendants' General Manager arrived and told the job coach that she needed to inform him whenever she planned to visit Comfort Suites for an on-site. The job coach responded that she had already informed Defendants' management personnel about her August 28, 2008, on-site visit. The General Manager responded that she was not allowed to stay and ordered her to immediately leave the premises. The job coach complied and immediately left.

20. On or about August 30, 2008, the job coach contacted Defendants' General Manager and requested that she be allowed to observe Markle at Comfort Suites in order to provide job coaching. The General Manager responded "no," and told her that if she wanted to see Markle, it would have to be off Comfort

Suites' premises.

21.    Sometime during mid-September 2008, Defendants suspended Markle and notified him of possible termination for unsatisfactory job performance. Defendants scheduled an in-person meeting with Markle. Consequently, the job contacted Defendants' General Manager and requested that she be allowed to accompany Markle at the in-person meeting regarding his job performance and possible termination. Defendants' General Manager again denied the job coach's request to accompany Markle.

22.    On September 19, 2008, Markle attended the in-person meeting with Defendants' General Manager and supervisor unaccompanied by the job coach. Markle  again requested that his job coach be allowed to accompany him, but the General Manager again denied this request.  During this meeting, Markle was issued his fourth and final Employee Disciplinary Report for having allegedly mishandled a customer's packages.  Markle disagreed with the disciplinary report and refused to sign it.  Defendants discharged Markle because of his disability at this meeting.

23.    Markle is a qualified individual capable of performing the essential functions of the Front Desk position with reasonable accommodations.

24.    As a reasonable accommodation, Markle's job coach had requested that she be allowed to observe his job performance at the job site and to

accompany him at the in-person job performance meeting.

25.   Defendants' denial of these reasonable accommodations precluded Markle from performing the essential job functions of the Front Desk position and enjoying equal benefits and privileges of employment.

26.   Defendants engaged in unlawful employment practices in violation of § 102 (a) and (b), 42 U.S.C. § 12112 (a) and (b).  Defendants discriminated against Markle on the basis of his disability when he was denied reasonable accommodations in violation of 42 U.S.C. § 12112 (b).   More specifically, Markle was denied reasonable accommodations when Defendants refused to allow a job coach to be present at the job site, and during an in-person meeting regarding Markle's job performance and discharge.

27.   Defendants further discriminated against Markle on the basis of disability when he was subjected to discipline during 2008 and subsequently discharged on September 19, 2008 in violation of 42 U.S.C. § 12112 (a).

28.   The effect of the practices complained of as described in paragraphs 13 through 27 have been to deprive Markle of equal employment opportunities.

29.   The unlawful employment practices in paragraphs 13 through 27 above were intentional.

30.   The unlawful employment practices complained of above were done with malice or with reckless indifference to Markle's federally protected rights.

## PRAYER FOR RELIEF

The Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate on the basis of disability.

B.     Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of § 102(a) and (b), 42 U.S.C. § 12112(a) and (b).

C.     Order Defendants to make whole Markle by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D.     Order Defendants to make Markle whole by providing compensation for past and future pecuniary losses, including but not out-of-pocket expenses suffered by him which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E.     Order Defendants to make Markle whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial. The non-pecuniary losses

include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

     F.     Order Defendants to pay Markle punitive damages for their malicious and/or reckless conduct as described in Paragraphs 13-27 above in an amount to be determined at trial.

     F.     Award the Commission its costs of this action.

     G.     Grant such further relief as the Court deems necessary and proper in the public interest.

///

///

///

///

///

///

///

///

///

///

///

///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, NE.
Washington, D.C. 20507

Dated: September 15, 2010                                    (Via PDF)

ANNA Y. PARK
Regional Attorney

MICHAEL FARRELL
Supervisory Trial Attorney

CONNIE K. LIEM
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## CIVIL COVER SHEET

*JS 44  (Rev. 12/97)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

U.S. Equal Employment Opportunity Commission

**(b)** County of Residence of First Listed Plaintiff   Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

US EEOC 255 E. Temple, 4th Floor, Los Angeles CA 90012; (213) 894-1083

### DEFENDANTS

Tarsadia Hotels dba Comfort Suites and Does 1-10, Inclusive

**FILED**
SEP 15 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                           DEPUTY

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

Attorneys (If Known)

**'10 CV 1921 DMS    BGS**

### II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

X 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                      and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 362 Personal Injury— Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury— Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | ☐ 463 Habeas Corpus Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 385 Property Damage Product Liability | ☐ 465 Other Immigration Actions | | |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 442 Employment | Habeas Corpus: | | | |
| ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| X 445 Amer. w/Disabilities— Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 446 Amer. w/Disabilities— Other | ☐ 550 Civil Rights | | | |
| ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN  (Place an "X" in One Box Only)

X 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 12112 et. seq.     42 USC 12101(a)

Brief description of cause:
Employee suffered  unlawful employment practices based on disability

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:   ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE                    DOCKET NUMBER

DATE
09/15/10

SIGNATURE OF ATTORNEY OF RECORD
(Via PDF)

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

